# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KIMBERLY MADISON MERRICK,** § § § § | Civil Action No.: |
| Plaintiff, § | |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **KOHL'S DEPARTMENT STORES, INC.,** § § § | |
| Defendant. § § | |

## COMPLAINT

KIMBERLY MADISON MERRICK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against KOHL'S DEPARTMENT STORE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Houston, Texas 77015.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a national debt collection company with headquarters located at N56 W 1700 Ridgewood Dr., Menomonee Falls, WI 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around March 2015 and continuing through January 2017, Defendant contacted Plaintiff repeatedly in its attempts to collect an alleged debt that was incurred primarily for personal, family or household purposes.

11. Defendant's calls originated from the numbers including, but not limited to: (414) 257-2339. The undersigned has confirmed that this number belongs to Defendant.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automated telephone dialing system and/or a pre-recorded voice.

13. Plaintiff knew Defendant was using an automated telephone dialing system and/or a pre-recorded voice because the calls she received began with a pre-recorded voice before she would speak to one of Defendant's collectors.

14. Defendant's calls were not for emergency purposes, but rather to collect an alleged debt.

15. Desiring to stop the calls on more than one occasion, Plaintiff spoke with Defendant in or around March 2015 and requested that Defendant stop calling her regarding this alleged debt.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

17. Further, any continued calls could only have been for the purpose of harassment.

18. Defendant ignored Plaintiff's requests to stop calling and continued to call Plaintiff multiple times per day through January 2017.

19. After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took necessary measures to block calls from Defendant's phone number.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA**

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, in and after March 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, KIMBERLY MADISON MERRICK, respectfully prays for a judgment as follows:

    a.    Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    b.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    c.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KIMBERLY MADISON MERRICK, demands a jury trial in this case.

Dated: September 5, 2017			RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg
    Attorney-in-Charge for Plaintiff
    Pennsylvania Bar No. 202745
    Federal Bar No. 1477508
    Kimmel & Silverman, P.C.
    30 East Butler Pike
    Ambler, Pennsylvania 19002
    Phone: (215) 540-8888
    Facsimile: (877) 788-2864
    Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT